UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAYSON L. PETROSKI,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

Case No. 2:19-cv-160

HON. JANET T. NEFF

**OPINION AND ORDER**

    Plaintiff brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his claim for child's insurance benefits and supplemental security income (SSI).  The matter was referred to the Magistrate Judge, who issued a detailed, 44-page Report and Recommendation (R&R), recommending that this Court affirm the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner.  The matter is presently before the Court on Plaintiff's two objections to the Report and Recommendation.  Defendant filed a response to the objections.  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), this Court has performed de novo review of the portions of the Report and Recommendation to which Plaintiff objects.  For the following reasons, the Court denies the objections and issues this Opinion and Order.

    First, Plaintiff argues that "[t]he Magistrate Judge erred in finding that there was no reversible error by [the ALJ in] failing to find [P]laintiff's sleep disorder and obesity to be severe impairments" (Pl. Obj., ECF No. 20 at PageID.720).  Plaintiff's argument fails to demonstrate any

error by the Magistrate Judge. The Magistrate Judge concluded that where the ALJ found severe impairments at Step Two and moved on to Step Three of the multi-step disability analysis, it was not error requiring reversal by the ALJ to fail to find *additional* severe impairments at Step Two (R&R, ECF No. 19 at PageID.20 n.1, citing *Kirkland v. Comm'r of Soc. Sec.*, 528 F. App'x 425, 427 (6th Cir. 2013)).

In his objections, Plaintiff reiterates his position that the evidence in the record would have supported additional severe impairments at Step Two (Pl. Objs., ECF No. 20 at PageID.721-722); however, Plaintiff fails to address the Magistrate Judge's ultimate conclusion that any error was harmless. "[W]hen an ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, an ALJ's failure to find additional severe impairments at step two '[does] not constitute reversible error.'" *Fisk v. Astrue*, 253 F. App'x 580, 583 (6th Cir. 2007) (quoting *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987)). As Defendant points out (ECF No. 21 at PageID.741-742), the Magistrate Judge determined that the ALJ considered both Plaintiff's obesity and sleep issues at other steps (R&R, ECF No. 19 at PageID.20 n.1). This objection is properly denied.

Second, Plaintiff argues that "[t]he Magistrate Judge erred in concluding that the ALJ did not err when deciding that [P]laintiff did not meet and/or at least equal List Impairments 112.04 and 112.11" (Pl. Obj., ECF No. 20 at PageID.720). Plaintiff opines that the Magistrate Judge "cited cherry-picked information from the record, as also cited by the ALJ, listing notations from the record which appeared to show that Jayson did not have problems severe enough to meet the B criteria" (*id.* at PageID.731). Plaintiff delineates the evidence in the record that he argues would have instead supported the conclusion that he met each listing criteria (*id.* at PageID.725-730).

2

The Magistrate Judge thoroughly examined the ALJ's findings and determined that the ALJ's decision that Plaintiff could not meet the social security listings is "supported by the record and the evidence cited in the ALJ's decision" (R&R, ECF No. 19 at PageID.690-692). In addition, the Magistrate Judge determined that "substantial evidence exists in the record to support the ALJ's finding that Petroski's impairments do not equal a listed impairment, and that Petroski does not have marked limitations in the functional domain categories of acquiring and using information, attending and completing tasks, and in caring for himself" (*id.* at PageID.700).

While Plaintiff disagrees with the Magistrate Judge's recommendation, Plaintiff's references to the record do not establish factual or legal error by the Magistrate Judge. As Defendant points out in response (ECF No. 21 at PageID.743), "[t]he substantial evidence standard of review required Plaintiff to show that no reasonable mind could have agreed with the ALJ's factfinding, not simply repeat the same evidence that failed to prove his case at the agency level." *See, e.g., White v. Comm'r of Soc. Sec.*, 572 F.3d 272, 285 (6th Cir. 2009) ("The problem with White's cherry-picking argument, however, is that it cuts both ways. She too cherry picks data."). It is not the courts' role to "try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 783 (6th Cir. 2017), aff'd sub nom. *Biestek v. Berryhill*, 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019). This objection is also properly denied.

Having denied the objections, the Court will adopt the Magistrate Judge's Report and Recommendation as the Opinion of this Court and enter a Judgment consistent with this Opinion and Order. *See* FED. R. CIV. P. 58.

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 20) are DENIED, the Report and Recommendation of the Magistrate Judge (ECF No. 19) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.


Dated: March 16, 2021            /s/ Janet T. Neff
                                 JANET T. NEFF
                                 United States District Judge